1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AMERICAN INTERNATIONAL RECOVERY,    )
*et al.,*    )
  )
                Plaintiffs,    )      Case No. 2:07-cv-00123-JCM-PAL
  )
vs.    )              **ORDER**
  )
PILAR COSTA, *et al.*,    )    (Emg Mot for Writ of Attachment - Dkt. #62)
  )
              Defendants.    )
_____)

      Before the court is Plaintiffs' Emergency Application for Writ of Attachment (Dkt. #62) which was referred to the undersigned by the district judge.  The Plaintiffs seek an emergency writ of attachment upon the claims of Defendant Randolph Jack Garrett in a pending state court case styled *Jack Garrett and Trina Partlock v. American Home Mortgaging Service, Inc.*, Case No. A-10-609812-C currently pending in the Eighth Judicial District Court.  The application is supported by the Affidavit of James E. Murphy, Esq., counsel for the Plaintiffs, and a supplemental Brief (Dkt. #65) which attaches a published decision of the Nevada Supreme Court in *Gallegos v. Malco, Enterprises of Nevada, et al.*, 127 NV Adv. Op. 51 (Aug. 4, 2011).

      Plaintiffs' application and affidavit state that Defendant Randolph Jack Garrett is a Plaintiff in a pending civil action scheduled for mediation July 21, 2011.  The petition requests an order directing a writ of attachment of Garrett's claims and any proceeds he receives from the mediation in his pending state court action.  The writ of attachment is sought to insure that Garrett does not abscond with proceeds that he receives which should be used to satisfy the judgment obtained in this case.

      On October 25, 2007, Plaintiffs obtained a default judgment against Garrett in the amount of $798,263.00 with prejudgment interest in the amount of $14,571.03.  Garrett has failed to appear for two scheduled Judgement/Debtor examinations, and Plaintiffs have applied for an order to show cause

1   why Garrett should not be held in contempt for disobeying this court's orders.  Plaintiffs argue Nevada

2   law, and specifically NRS 31.017,  permits the court to issue an order directing a writ of attachment

3   against the Defendant's potential recovery in his pending state court action without notice.  Plaintiffs

4   argue that the complaint allegations in this federal case which resulted in a default judgment against

5   Garrett involve claims arising from acts of malfeasance.  Specifically, the complaint alleged that, while

6   employed as the director of used equipment sales for Plaintiffs, Garrett committed acts of

7   misappropriation of earnings from the sale of inventory, engaged in a complex scheme of self dealing

8   and created a false paper trail showing non-existent sales to various entities.  The complaint also alleges

9   he falsified sales of Production Resource Group LLC's equipment for resale for his own personal

10   benefit.  Additionally, Garrett has failed to appear for two Judgment Debtor Examinations as ordered.

11   Under these circumstances, Plaintiffs argue that if the court does not issue an order directing a writ of

12   attachment, Defendant will abscond with the proceeds of the civil court lawsuit to avoid partial

13   satisfaction of the judgment in this case.

14       The Supplemental Brief (Dkt. #65) attaches a Nevada Supreme Court decision decided after the

15   motion was filed.  Plaintiffs argue the opinion is directly on point and held that a Judgment/Creditor

16   may attach a Judgment/Debtor's right of action to satisfy a judgment under NRS 21.080.   In *Gallegos*,

17   the Nevada Supreme Court held that rights of action held by a Judgment/Debtor is personal property

18   subject to execution to satisfy a judgment.  Having reviewed and considered the matter, and for good

19   cause shown,

20       **IT IS ORDERED** that Plaintiffs' Application for a Writ of Attachment (Dkt. #62) is

21   **GRANTED.**  Counsel shall submit a proposed Writ of Attachment to the Clerk of the Court who shall

22   issue a writ of attachment attaching any proceeds Defendant may receive in the pending civil action

23   styled *Jack Garrett and Trina Partlock v. American Home Mortgaging Service, Inc.*, Case No. A-10-

24   609812-C to satisfy or partially satisfy the judgment entered in this case.

25       Dated this 12th day of October, 2011.

26

27
    _____
    Peggy A. Leen

28   United States Magistrate Judge